BOYD, Justice
(dissenting).
I respectfully dissent to the majority opinion.
The record shows that, when Respondent first appeared before this Court in 1964,[1] The Florida Bar recommended a three year suspension, but the majority of the court ordered only a six month’s suspension due to an emotion-charged plea by Respondent that, although he had experienced prior grievance problems (as mentioned in Justice Thornal’s dissent), he had seen the errors of his ways and would walk thereafter in ethical paths of righteousness. Because of that plea, he was permitted to resume practice a few months later.
Being totally unimpressed by the above suspension, the Respondent was again before this Court when The Florida Bar sought his disbarment in 196S.[2] The charge against him was using his clients’ escrow funds for his own use. Few, if any, ethical violations are more serious than stealing monies entrusted to a lawyer by his clients or other people. The referee’s report states :[3]
“A cursory examination of the facts in this case clearly reveals that this man was simply using any money he could get his hands on for personal and private use and yet, at the time of the hearing before the referee, this man was as devious and evasive as any witness the Referee has ever experienced. It is the undersigned’s reluctant, carefully considered opinion that despite the prior suspension by the Supreme Court of Florida that before the Referee the Respondent did not reflect a sincere desire to become an ethical practitioner but, to the contrary, completely ignored the sanctity of the oath of a witness and the dignity of The Florida Bar.”
The Court found him guilty of using escrow funds for his personal uses and permanently disbarred him. When the Court assessed costs of the disciplinary proceeding against respondent in the amount of $909.51, it was anticipated that this would be paid immediately. Although the order was entered in 1965, no part of the costs was paid until the current petition for reinstatement. Obviously, had he not sought readmission, those costs would not have been paid.
*455 The Respondent admits that he presently owes debts too numerous to specify here, but they include income tax liens of about one hundred thousand dollars and a large number of small judgments. He says he has returned all the money he took for personal use from escrow funds. Although his standard of living is “middle class professional” and although he has several thousands of dollars income from teaching and military disability, he does not allege in his petition that he is paying any of the numerous outstanding debts mentioned above. Before consideration for readmission should be considered, respondent should show a systematic effort to pay regular installments to his many creditors.
A sense of compassion for this disabled veteran, who is now a good teacher and an active citizen, makes it difficult to dissent, but the duty I owe to the public to protect them from the possible recurrence of this man’s former misconduct requires me reluctantly to do so. His disbarment should be continued.
DEKLE, J., concurs in part.
OVERTON, J., concurs.

. 161 So.2d 1.

. 172 So.2d 818.

.Id. at 819.